IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RICHARD KELLY HARRISON, II                                                      PLAINTIFF

VS.                                                       CIVIL ACTION NO. 3:18cv637-CWR-FKB

PELICIA HALL, MDOC COMMISSIONER                                            DEFENDANT

### REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment [11] filed by Defendant Pelicia Hall, Commissioner of the Mississippi Department of Corrections, in this action brought pursuant to 42 U.S.C. § 1983. Plaintiff, Richard Kelly Harrison, II, has responded in writing to the motion. [14]. Harrison is proceeding in this matter *in forma pauperis* and *pro se*. For the reasons explained in the Report and Recommendation, the Court finds that the motion for summary judgment should be granted on the basis that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

I.      CLAIMS

Harrison alleges that his constitutional rights were violated during his confinement at South Mississippi Correctional Institution ("SMCI") from June 27, 2018 to September 8, 2018, [1] at 4. No omnibus hearing has been held because of Plaintiff's extradition to an out-of-state facility and the filing of the motion for summary judgment.[1]

Harrison alleges that Defendant Hall failed to provide him with a proper mat on which to sleep from the time he arrived at SMCI on June 27, 2018, until September 8, 2018. [1] at 4, 11. He alleges that although he received a mat from another inmate, MDOC has not issued him a

---

[1] As of January 18, 2019, Harrison informed the Court that he was awaiting extradition to Okaloosa County, Florida. [18]. A subsequent filing confirms that Harrison is no longer in the custody of the Mississippi Department of Corrections and is, instead, in the custody of the Okaloosa County Jail, located in Crestview, Florida. [19].

mat, and the one on which he sleeps is "mildewed and moldy and smells of human sweat." *Id.* at 5. He admits that these conditions "have not caused any injury worthy of medical care," but alleges that this condition has caused "soreness from sleeping," "danger," "a risk to his health," and "mental anguish." *Id.*[2]

## II.     RELEVANT STANDARDS

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999)(quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 119 S.Ct. 618 (1998)). Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial,*" Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

---

[2] While he complains that he had to sleep without a mat for an unspecified time while he was housed at Central Mississippi Correctional Facility ("CMCF"), he admits that he "put in an ARP and they gave us mats." [1] at 4. Harrison further specifies that the events giving rise to his claim occurred on June 27, 2018, upon his arrival at SMCI. *Id.* at 5. Thus, the undersigned does not interpret his complaint to allege a claim based upon denial of a mat while he was at CMCF.

Statutory law and case law require a prisoner to exhaust administrative remedies, regardless of the relief sought, before bringing a § 1983 action in federal court. The relevant portion of 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act of 1995 (PLRA), states the following:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000). In *Booth v. Churner*, 121 S.Ct. 1819 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 121 S.Ct. at 1825. The United States Supreme Court further explained that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle*, 122 S.Ct. 983 (2002); *see also Jones v. Bock*, 127 S.Ct. 910 (2007)(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

The United States Court of Appeals for the Fifth Circuit has reiterated the principles found in these cases. In *Gonzales v. Seal*, 702 F.3d 785 (5th Cir. 2012), the Fifth Circuit recognized that exhaustion of administrative remedies prior to suit is mandatory, and that district courts have no discretion to stay § 1983 prisoner cases when they are filed before prisoners have exhausted administrative remedies. The Fifth Circuit concluded, as follows:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether

˜3˜

>exhaustion is achieved during the federal proceeding.  Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Id.* at 788. Moreover, "[i]t is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Walker v. East Miss. Corr. Facility*, Civil Action No. 4:10cv111-LRA, 2013 WL 4833901 (S.D. Miss. Sept. 11, 2013)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)(finding that filing an initial grievance, without more, did not equate to exhaustion)); *see also Tompkins v. Holman*, Civil Action No. 3:12cv87-LRA, 2013 WL 1305580 (S.D. Miss. Mar. 26, 2013)(dismissing § 1983 complaint for failure to exhaust administrative remedies when prisoner filed a grievance, but did not complete the ARP before filing his lawsuit).

In this case, Harrison does not allege that he suffered from any ailment which prohibited him from pursuing administrative remedies. *See Ferrington v. Louisiana Dep't of Corr.*, 315 F.3d 529 (5th Cir. 2002)(Plaintiff-inmate's blindness did not excuse him from exhausting administrative remedies.); *see also Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003)(excusing non-exhaustion of administrative remedies because of physical injury and subsequent rejection of grievance due to untimeliness). Exhaustion is mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 739 (2001). Put another way, "[t]he requirement of exhaustion applies regardless of Plaintiff's opinion on the efficacy of the institution's administrative remedy program." *Nealy v. Moore*, Civil Action No. 4:11cv187-HTW-LRA, 2013 WL 6230107, *3 (S.D. Miss. Nov. 30, 2013)(citing *Alexander v. Tippah Co.*, 351 F.3d 626, 630 (5th Cir. 2003)).

Defendant has presented documents from Harrison's Administrative Remedies Program (ARP) file at SMCI. *See* [11-1]. The documents show that Harrison signed two grievances related to this claim, one on August 11, 2018, and another on August 23, 2018. Both of these grievances were received by the SMCI Inmate Legal Assistance Program on August 23, 2018. *Id.* at 5-6. At that time, Harrison already had an ARP grievance in process from CMCF, CMCF-18-823. *Id.* at 1. Therefore, on September 19, 2018, the ARP placed Harrison's grievance regarding a mat at SMCI on backlog. *Id.* at 4. On October 5, 2018, the ARP closed grievance CMCF-18-823, and Harrison withdrew a second grievance. *Id.* at 1. Accordingly, Harrison's grievance regarding a mat at SMCI, SMCI-18-1199, was opened in the ARP program on October 5, 2018. *Id.* at 2.

In response, Harrison admits that he filed his two ARP grievances regarding a mat at SMCI on August 23, 2019. [14] at 1. He asserts that he filed the grievances after writing a letter to Defendant Hall on June 28, 2018. *Id*. He states that he did not know until October 5, 2018, that his August grievances had been backlogged, and he contends that his letter to Defendant Hall should have been handled as a grievance. *Id*. at 2. He further states that he never received a response to his August grievances or his letter to Defendant Hall. *Id*.

Regardless of the backlog issue, the facts are undisputed that Harrison filed his ARP grievances on August 23, 2018, and that he signed the complaint in this case on September 7, 2018, which was filed in this Court on September 12, 2018. *See* [1]. Having filed this suit less than one month after filing his ARP grievances and before completing the ARP process, Harrison failed to exhaust his administrative remedies prior to filing this action.

Further, the MDOC's system of backlogging grievances while others are pending has been upheld, and the evidence shows that Harrison filed this suit before his other grievances had been closed and his grievance regarding a mat at SMCI had been opened in the ARP. *See White v. Epps*, 2010 WL 2539659 (S.D. Miss. Mar. 3, 2010)(upholding MDOC's ARP backlogging system). And Harrison's letter to Defendant Hall does not constitute proper exhaustion, as it was not a grievance or request for administrative remedy submitted in the ARP process. *See Gonzales*, 702 F.3d at 788.

## CONCLUSION

For the reasons stated above, the undersigned recommends that the Motion for Summary Judgment [11] filed by Defendant be granted and that this matter be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 1st day of August, 2019.

       /s/ F. Keith Ball
      UNITED STATES MAGISTRATE JUDGE