# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**RICHARD KELLY HARRISON, II, #215315**                                          **PLAINTIFF**

**V.**                                                           **CAUSE NO. 3:18-CV-637-CWR-FKB**

**PELICIA HALL, MDOC COMMISSIONER**                                          **DEFENDANT**

## ORDER

Before the Court is *pro se* Plaintiff Richard Kelly Harrison's Objection to the August 1, 2019, Magistrate Judge's Report and Recommendation ("R&R") regarding the Defendant's Motion For Summary Judgment Based On Failure To Exhaust Administrative Remedies. The R&R recommends granting the Defendant's Motion for Summary Judgment and dismissing this matter without prejudice. For the following reasons, the Court denies Defendant's Motion.

**I.**       **Factual Background**

In early 2018, Harrison was incarcerated at the Central Mississippi Correctional Facility ("CMCF"). There, he alleges he was not given a proper mat on which to sleep. Harrison was eventually given a proper mat while at CMCF after filing a formal grievance on April 12, 2018.

On June 27, 2018, Harrison was transferred to South Mississippi Correctional Institution ("SMCI"). Harrison states he was not provided a mat to sleep on at SMCI either, but instead "had to sleep on a cold, hard, steel, and rusty bunk for over a week" before another prisoner at SMCI provided half of his mat for Harrison to use. Harrison alleges that he sent a letter to Defendant Pelicia Hall, the Commissioner of the Mississippi Department of Corrections ("MDOC"), on June 28, 2018, requesting her help. He further alleges that he received no response from Hall. Instead, Harrison says that two weeks after sending the letter, he was approached by "gang members" also incarcerated at SMCI. They informed Harrison that a

correctional officer at SMCI, who they said was a "brother" – meaning a fellow gang member – told them about the letter Harrison had sent to Hall and how it would lead to a "shakedown" of their living quarters. They told Harrison that "if they lost any drugs or [their] cell phones he would be responsible."

Harrison subsequently filed two grievances regarding not having a mat at SMCI. These were received by MDOC on August 23, 2018. Harrison alleges that when he was on his way to file yet another grievance, an "Officer Ellis" grabbed the form out of Harrison's hand and said, "[L]et me see what you got. I've had some kites wrote about me."[1] Harrison claims that Officer Ellis was the officer who told the aforementioned gang members about his writing to Hall. Harrison also states that this interaction frightened him and led him to file the Complaint in this case on September 12, 2018, "due to the threats to his safety."

Because of the grievances filed at CMCF, Harrison's grievances at SMCI were put on backlog. Harrison's grievance concerning not having a mat at SMCI was opened on October 5, 2018, after the grievance at CMCF was closed and Harrison withdrew one of his grievances at SMCI.

**II.     Legal Standards**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The burden then shifts to the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Davis v. Fort Bend Cty.*,

---

[1] Kite "refers to a written request for something," specifically internal jail requests. *See* Jeffrey E. Keller, *One Word Docs Need to Know in Prison*, MEDPAGE TODAY (Aug. 9, 2018), https://www medpagetoday.com/blogs/doing-time/74491.

765 F.3d 480, 484 (5th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The court must "draw all reasonable inferences in favor of the nonmoving party." *Id.* (citation omitted). However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Id.* (citation omitted).

Under federal law, people who are incarcerated must exhaust administrative remedies if they wish to sue those who have violated their constitutional rights. *See* 42 U.S.C. § 1997e(a). Exhaustion is an affirmative defense that can be raised by the defendant, who in turn has the burden to demonstrate that the plaintiff failed to exhaust all available administrative remedies. *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). A "strict approach" is taken to the exhaustion requirement, requiring not just substantial compliance with the prison's grievance procedures but instead the prisoner's proper exhaustion of administrative remedies. *See Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015) (quoting *Dillon*, 596 F.3d at 268); *see also Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003) (collecting cases) (*overruled by implication on other grounds by Jones v. Bock*, 549 U.S. 199, 213–16 (2007)).

Prisoners, however, are only required to exhaust administrative remedies that are actually "available" to them. *Davis v. Fernandez*, 798 F.3d 290, 294 (5th Cir. 2015). An administrative remedy is considered unavailable when officials are "unable or consistently unwilling to provide any relief," the administrative remedy scheme is "so opaque that it becomes, practically speaking, incapable of use" by an ordinary prisoner, or "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation or intimidation." *See Ross v. Blake*, 136 S. Ct. 1850, 1859–61 (2016). Additionally, the exhaustion requirement "may be subject to certain defenses such as waiver, estoppel, or equitable tolling." *Days*, 322 F.3d at 866; *cf. Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (finding

3

the Title VII exhaustion requirement to not be a jurisdictional prerequisite but an affirmative defense like a statute of limitations and thus subject to waiver, estoppel, and equitable tolling). "[W]hile it is a question of law whether administrative remedies qualify as being 'available' under 42 U.S.C. § 1997e(a), availability may sometimes turn on questions of fact." *Berry v. Wexford Health Sources*, Civil Action No. 3:14-CV-665-CWR-FKB, 2016 WL 4030934, at *1 (S.D. Miss. July 26, 2016) (quoting *Dillon*, 596 F.3d at 266) (citation omitted) (remanding for discovery).

**III.  Discussion**

Defendant Hall bears the burden of demonstrating that Harrison "failed to exhaust available administrative remedies." *Dillon*, 596 F.3d at 266. Pursuant to Miss. Code Ann. § 47-5-801, MDOC has set up an Administrative Remedy Program ("ARP") through which someone incarcerated "may seek formal review of a complaint or grievance relating to any aspect of their incarceration." The ARP is described as a "two-step process" and, in short, includes: (1) an initial written request to the ARP Director by the incarcerated person; (2) a response by a prison official to the request; and (3) an additional review by a prison official if the incarcerated person is dissatisfied with the first response. If after the second response, the incarcerated person remains dissatisfied with the result, they may file a lawsuit.

Harrison filed the Complaint in this matter prior to completing this process for his grievances filed at SMCI. Accordingly, Hall asks that this case be dismissed, arguing that Harrison did not exhaust his available remedies as required under 42 U.S.C. § 1997e(a).

Harrison objects on two fronts. First, he argues that his grievances were ignored and thus unavailable to him. Second, he argues that he was driven to file this complaint due to "threats to

his safety" directly and indirectly made by an MDOC officer after he began the grievance process.

As to Harrison's first objection, the Court has reviewed the record, the R&R, and relevant case law and agrees with the R&R that the circumstances do not show that MDOC's alleged ignoring of Harrison's grievances meant Harrison had exhausted all available remedies. It is undisputed that Harrison filed the complaint in this case on September 12, 2018, mere weeks after his SMCI-related ARP grievances were received on August 23, 2018. Harrison's alleged lack of knowledge that his grievances were backlogged due to his initial grievance at CMCF is no excuse. As explained in the R&R, MDOC's system of backlogging grievances pending the disposition of prior grievances has been upheld under similar circumstances. *See, e.g., White v. Epps*, Civil Action No. 2:09-CV-171, 2010 WL 2539659 (S.D. Miss. Mar. 3, 2010). Prison officials must be afforded "time and opportunity to address complaints internally before the initiation of a federal lawsuit." *Woodford v. Ngo*, 548 U.S. 81, 114 (2006). Here, Harrison did not allow MDOC officials the time and opportunity to address his complaints before he filed this lawsuit.

As to Harrison's second objection, however, summary judgment is premature at this stage given the lack of evidence before the Court. Harrison raised in his sworn Objection to the R&R that he filed this action after Officer Ellis directly and indirectly threatened his safety due to his filing of grievances. Harrison provides details of specific instances of being threatened by fellow prisoners at SMCI and Officer Ellis. Hall failed to discuss these instances of intimidation despite them being mentioned in Harrison's grievances, his Complaint, and his sworn opposition to the Defendant's Motion and objection to the R&R – which are evidence.

Construing all facts and inferences in the light most favorable to Harrison, the nonmoving party, he has raised a genuine issue of material fact concerning exhaustion. If an MDOC officer actively intimidated Harrison, Harrison may not have had an "available" remedy. *See Ross*, 136 S. Ct. at 1860. Under those circumstances, Harrison's failure to exhaust may also be excused potentially under the doctrine of estoppel. *See Dillon,* 596 F.3d at 270. Discovery is necessary to determine whether the intimidation in fact happened.

## IV.   Conclusion

The Defendant's Motion is denied.

**SO ORDERED**, this the 27th day of September, 2019.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
